931 F.2d 893
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
H. SALT FOOD CO., et al., Plaintiffs,
Karil Vangeloff and Norman D. Masters, Plaintiffs-Appellants,
v.
KFC CORPORATION, et al., Defendants-Appellees.
 No. 90-2307.
 United States Court of Appeals, Sixth Circuit.
 May 1, 1991.
 
 Before KRUPANSKY and BOGGS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs-appellants Karil Vangeloff and Norman D. Masters have appealed from an order entered by the United States District Court for the Eastern District of Michigan denying the appellants' motion to cite appellees for contempt of court.
 
 
 2
 The case from which this controversy arose was filed in April 1983 by the appellants against KFC Corporation and others, seeking damages arising from a franchising agreement between Vangeloff, Masters and KFC to operate H. Salt Fish & Chips fast food outlets. During the pendency of this action, the trial court, on November 3, 1984, entered a stipulated order to protect the confidentiality of documents produced by the parties. The order stated that the protected information "shall be used only in these proceedings, and any appeal therefrom, and shall not be used for any other purpose." The order provided that, at the conclusion of the proceedings, the protected documents were to be returned to the party who supplied them, and that each party was to acknowledge in writing the return of those documents.
 
 
 3
 On July 20, 1987, a stipulation and order for dismissal with prejudice was entered in the Michigan litigation. However, contrary to the terms of the portective order, the parties, in their settlement, agreed to destroy the protected documents, and to certify their destruction. KFC, in fact, certified that all of the controversial materials in its possession had been destroyed.
 
 
 4
 In subsequent litigation initiated by KFC against the appellant's herein in the district court for the Western District of Kentucky, it was disclosed that KFC had not, contrary to its certification of destruction, destroyed the protected documents which were the subject of the protective order issued by the Michigan court in the earlier litigation. Appellants immediately, upon discovery of KFC's failure to destroy the material, initiated the instant proceedings in contempt against KFC in the Michigan court.
 
 
 5
 This court, having reviewed the pleadings, the record in its entirety, the briefs, and having entertained the oral arguments of the parties, concludes that the protective order issued by the Michigan court on November 3, 1984 was superseded by an agreement between the parties dated July 13, 1987 wherein the parties agreed to the destruction of all protected documents in lieu of their return. This court further concludes that KFC breached the superseding agreement and misrepresented in its certification that all "records and documents produced by plaintiffs in the above-captioned case [H. Salt Food Co. v. KFC Corp.] have been destroyed pursuant to the July 13, 1987 settlement agreement and subsequent correspondence." This court also concludes that the district court did not abuse its discretion in refusing to enforce, by contempt, its original protective order, which by agreement of the parties had been superseded.
 
 
 6
 This court's disposition eliminates the necessity for addressing the remaining issues joined by this appellate review which issues may more appropriately be within the discretionary consideration of the United States District Court for the Western District of Kentucky in resolving a controversy between the same parties pending in that jurisdiction.
 
 
 7
 Accordingly, the decision of the district court for the Eastern District of Michigan is AFFIRMED.